IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01654-PAB-KLM

ROBERT WILSON,

    Plaintiff,

v.

SAFEWAY, INC.,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the **Order to Show Cause** issued on November 18, 2008.  For the reasons provided below, I recommend that the case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

### I. Background

Plaintiff's *pro se* Complaint was filed on August 5, 2008 [Docket No. 1].  The Court set a Scheduling Conference for October 8, 2008 [Docket No. 4].  However, due to Plaintiff's failure to serve Defendant, the Scheduling Conference was reset to November 18, 2008 [Docket No. 5].  Accordingly, the Court held a Scheduling Conference on November 18, 2008.  Plaintiff failed to appear.  Defendant has not yet been served and Plaintiff has taken no other action to prosecute this case.  Pursuant to Fed. R. Civ. P. 4(m), the time for Plaintiff to serve Defendant expired on December 3, 2008.

On November 18, 2008, the Court issued an Order to Show Cause  why Plaintiff's

1

cases should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with court orders. [Docket No. 8]. Plaintiff was ordered to respond to the Order to Show Cause by December 8, 2008. Plaintiff was advised that failure to respond and show cause for the neglect of his case would result in the Court issuing a recommendation to dismiss Plaintiff's case. Plaintiff did not respond to the Order to Show Cause.

## II. Analysis

To date, the Court finds that Plaintiff has failed to meaningfully participate in the prosecution of his case. Given Plaintiff's failure to participate in the prosecution of his case, the Court considers whether his case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10 th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4)

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.     Prejudice to Defendant

From a review of the case file, I cannot conclude that Plaintiff's failure to prosecute his case or comply with Court Orders prejudiced Defendants as they have not been served with the summons and complaint.  While this factor does not necessarily weigh against Plaintiff, the Court considers whether the totality of the *Ehrenhaus* factors nevertheless prompts this Court to recommend dismissal.

### B.     Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute his case and comply with Court Orders necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to follow Court Orders evidences a lack of respect for the Court and the judicial process.  Moreover, the Court's review of the file and issuance of this

Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court and interferes with the administration of justice.

### C.     Culpability of Plaintiff

Plaintiff has, without any reasonable excuse, ignored Court Orders and failed to move his case forward.  He has also failed to show cause why his case should not be dismissed or to provide any justification for his failure to prosecute his case.  The Court provided Plaintiff with ample opportunity to litigate his case, but since the filing of the complaint, he has chosen not to participate.  From an examination of the record, the Court notes that none of its Orders have been returned for insufficient or inaccurate address.  From this, I must conclude that Plaintiff received these Orders, that his failure to respond was willful, and that he is therefore responsible for his own noncompliance.

### D.     Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to move his case forward or comply with Court Orders regarding the prosecution of his case [Docket No. 8].  Despite this warning, Plaintiff failed to participate in this case.

### 5.     Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective.  Although Plaintiff is proceeding *pro se*, that does not excuse his neglect here.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  In addition, the Court doubts that a monetary sanction would be practical or effective.  Further, Plaintiff's conduct impacts both the Court and the judicial system, and a lesser sanction, e.g., limiting the evidence that Plaintiff may admit at trial, would bear no substantial relation to the misconduct, particularly here where

Defendant has been served and Plaintiff has effectively neglected his case since its inception. Under these circumstances, no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III. Conclusion

I respectfully **RECOMMEND** that the case be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 29, 2009

                                             s/ Kristen L. Mix
                                            KRISTEN L. MIX
                                            United States Magistrate